# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NEIL E. ACKERMAN, Inmate #R26112,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JOHN EVANS, GREG SCHWARTZ, C/O** )<br>**PHILLIPS, LT. BRAZANO, MS. DOLCE,** )<br>**LT. GREEN, and WILLIAM JOHNSON,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 05-198-DRH** |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate[1] in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

---

[1] According to the Illinois Department of Corrections website, <http://www.idoc.state.il.us> Plaintiff was released on parole on July 21, 2005.

> **COUNT 1:**   Against defendants Johnson, Green, Phillips, Dolce, and Schwartz for failing to protect Plaintiff from attack by his cellmate.
>
> **COUNT 2:**   Against unspecified defendants for wrongfully disciplining Plaintiff.
>
> **COUNT 3:**   Against unspecified defendants for inhumane conditions of confinement in segregation.
>
> **COUNT 4:**   Against defendant Brazano for failing to accomodate Plaintiff's medical disability.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states that his cellmate, William Johnson, demanded that Plaintiff pay him rent because it was a "vice lord" cell. Johnson threatened him with physical harm if he did not pay. Plaintiff states that for three weeks, he told defendants Green, Phillips, Dolce, and Schwartz and

Corrections Officer Ren (not a defendant) of Johnson's threats and requested that he be classified as an enemy. Plaintiff states that his concerns were ignored and he was not moved from the cell. On July 31, 2004, Johnson beat Plaintiff, injuring his face and causing scars above his eye and lip.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Based on these standards, Plaintiff states a cognizable claim. Accordingly, Count 1 cannot be dismissed at this point in the litigation. *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff states that as a result of the beating, he was wrongly disciplined for fighting. He was placed in disciplinary segregation for 30 days and was given 30 days of "C grade." Plaintiff states, however, that he was housed in segregation for a total of 44 days, thereby exceeding the

punishment imposed.

When a plaintiff brings an action under § 1983 for procedural due process violations, as Plaintiff is most certainly attempting here, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, plaintiff was sent to disciplinary segregation for 44 days. Nothing in the complaint suggests that the conditions that the plaintiff had or has to endure while in disciplinary, are substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, plaintiff's due process claim is without merit,

regardless of whether his term in segregation exceeded his punishment for fighting.

As such, Plaintiff has not stated a claim. Accordingly, Count 2 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff states that during part of his time in segregation, he was not allowed to have soap. He states that he had soap in his property box, but was unable to gain access to it and he was not allowed to shop in the commissary until August 24, 2004, at which time he bought soap. He states that he went without soap for a total of 25 days and that the delay constituted a public health violation.

Plaintiff's factual statement most closely resembles a claim alleging cruel and unusual conditions of confinement. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

No constitutional principle requires that inmates be permitted to own or receive hygiene items, but the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated. In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the court considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at

1234.  The court noted that "[i]nmates cannot expect the amenities, conveniences and services of a good hotel; however, the society they once abused is obliged to provide constitutionally adequate confinement."  *Id.* at 1235-36.  The court continued that "[a]lthough Harris experienced considerable unpleasantness, he suffered no physical harm," *id.* at 1235, and found that the conditions simply did not rise to the level of an eighth amendment violation.

The plaintiff in *Harris* spent ten days without his hygiene items.  Plaintiff, by contrast, did not allege that he was denied all personal hygiene items, but only soap for 25 days, and he did not allege that the conditions of the cell itself were unhealthy.  The conditions of plaintiff's confinement may have made his life unpleasant, but nothing in the constitution requires prison life to be pleasant.  As in *Harris*, Plaintiff has not shown that his health was at risk from the deprivation and he did not show that he was physically harmed from the deprivation.  As such, Plaintiff has not stated a claim under the Eighth Amendment.  Accordingly, Count 3 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 4

Plaintiff states that when he was transferred to segregation, he was required to carry his mattress cover and property box while handcuffed.  Plaintiff told the corrections officer that he suffered from a congenital back condition that made it difficult for him to carry or lift anything heavy. Plaintiff states that defendant Brazano told him to either carry the property box, or throw the property away.  Brazano harassed Plaintiff while he was having difficulty carrying the box by calling him "pussy" and "wimp" and stating that his granddaughter could carry that box.  At one point Plaintiff dropped the box and another officer assisted him in carrying it the rest of the way to the segregation unit.

It is difficult to determine what constitutional right Plaintiff is asserting with these statements. Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. To the extent that Plaintiff is challenging Defendant Brazano's verbal harassment, "standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). To the extent that Plaintiff is attempting to challenge the defendants' lack of accommodation of his disability, he cannot bring it in this forum. The Supreme Court has held that the Americans with Disabilities Act ("ADA") applies to prisons. *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998). However, the Seventh Circuit has held that claims under the ADA must be raised in state court, not in federal court. *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir. 2000). *See also Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000). Therefore, Count 4 is **DISMISSED** from the action with prejudice. See 28 U.S.C. § 1915A. Any potential claims under the ADA are dismissed without prejudice to his pursuing those claims in state court.

### **DEFENDANTS**

Plaintiff also lists Warden John Evans as a defendant in the caption of his complaint. However, the statement of claim does not include any allegations against this defendant. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to

intervene).  To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Accordingly, John Evans is **DISMISSED** as a defendant from the action.

Plaintiff also names the former cellmate William Johnson as a defendant.  A defendant in a section 1983 action must have exercised power he had by virtue of state law, that is he must have been in a position of authority with the state.  *See Adickes v. H.W. Kress & Co.,* 398 U.S. 144, 150 (1970); *West v. Atkins*, 108 U.S. 42, 49 (1988).  William Johnson is another inmate and is not a state actor.  As such, Plaintiff cannot sue William Johnson in this section 1983 civil rights action. Accordingly, William Johnson is **DISMISSED** as a defendant from the action.

### SUMMARY AND CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants ***Schwartz, Phillips, Brazano, Dolce, and Green*** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Schwartz,***

*Phillips, Brazano, Dolce, and Green*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Schwartz, Phillips, Brazano, Dolce, and Green* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: February 10, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**