IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NEIL E. ACKERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:05-cv-198-DRH |
| ) | |
| GREG SCHWARTZ, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, on the Order to Show Cause issued by this Court on May 17, 2006 (Doc. 13). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

The plaintiff filed his lawsuit on March 18, 2005 while he was incarcerated at the Pinkneyville Correctional Center in Pinkneyville, Illinois. The plaintiff filed a notice of address change on August 8, 2005 and indicated that his new address is 825 N. Raynor, Joliet, Illinois 60435 (Doc. 7). On February 10, 2006, District Judge David R. Herndon issued a 28 U.S.C. §1915A screening order in which the plaintiff was ordered to submit to the Clerk of Court, by March 13, 2006, USM-285 forms for service of process by the United States Marshal. The Order, and blank USM-285 forms, were mailed to the plaintiff; however, they were returned as undeliverable (Doc. 11). The Clerk then mailed the documents to a forwarding address listed on the returned mail: 270 Galewood Dr., Bolingbrook, Illinois 60440-2713. That mail also was returned as undeliverable as was an Order denying a motion to appoint counsel (Doc. 12).

On May 17, 2006, this Court issued an Order to Show Cause directing the plaintiff to

indicate why this matter should not be dismissed for want of prosecution. The Order was mailed to the plaintiff at both addresses on record. While the mail has not been returned as undeliverable, the plaintiff also has not responded to the Order. The plaintiff was warned that the failure to respond would result in a recommendation that this matter be dismissed without prejudice.

## CONCLUSIONS OF LAW

The plaintiff has been given ample opportunity to prosecute this case. He has failed to comply with both the February 10, 2006 Order and the May 17, 2006 Order to Show Cause. He also has failed to inform the Clerk's Office, as required by Local Rule 3.1, of his current address as evidenced by the returned mail.

It is clear that the Plaintiff is failing to timely prosecute this matter and the has failed to comply with two Orders of this Court. The Plaintiff has been adequately warned that the failure to participate will result in this Recommendation that his lawsuit be dismissed without prejudice. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). The plaintiff has offered no excuse for the failure to prosecute.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution and that the Court adopt the foregoing findings of fact and conclusions of law. The Clerk is directed to mail this Report and Recommendation to the plaintiff at both addresses of record.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a

timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 13, 2006**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**